IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Action No. 07-cv-00427-LTB-MEH

J. GALE MOODY,

    Plaintiff,

and

RODNEY L. NELSON,

    Plaintiff-Intervenor/Cross-Claimant,

v.

THE GREAT WESTERN RAILWAY COMPANY, a corporation;
THE WESTERN CONSTRUCTION COMPANY, a Colorado corporation;
GREAT WESTERN TRAIL AUTHORITY, an intergovernmental authority;
KEITH MCINTYRE, Chair, Great Western Trail Authority;
DOUG MOORE, Vice Chair, Great Western Trail Authority;
PEGGY JOHNSON, Secretary, Great Western Trail Authority;
JIM CAMPBELL, TOM JONES, TIM KREBS, MIKE KETTERLING, BARBARA LABARBARA, and ALEX RYER, Board Members, Great Western Trail Authority, and
ANY UNKNOWN PERSON WHO MAY CLAIM ANY INTEREST IN THE SUBJECT MATTER OF THIS ACTION,

    Defendants.
_____

ORDER
_____

This case is before me on Defendants' Joint Motion to Dismiss [Doc # 8] and Plaintiff-Intervenor/Cross-Claimant Rodney L. Nelson's ("Nelson") Motion for Remand [Doc #20]. I am addressing these motions concurrently because the issues that they raise are closely intertwined. After consideration of the motions, related pleadings, and the case file, I deny Defendants' joint Motion to Dismiss and grant Nelson's Motion for Remand as set forth below.

## I. Background

Plaintiff J. Gale Moody ("Moody") commenced this action in 2003 under C.R.C.P. 105 in the Weld County District Court for the State of Colorado to quiet title to real property located in the south half of Section 32, Township 7 North, Range 66 West of the 6th P.M. in Weld County, Colorado (the "Property") as against Defendant The Great Western Railway Company ("Great Western Railway"), which had a rail line over the Property, and other interested parties. Defendant Moody thereafter conveyed portions of the land that were the subject of the quiet title action to Nelson who subsequently intervened in the state court action. Great Western Railway then conveyed a portion of the land that is the subject of the quiet title action to Defendant The Great Western Trail Authority (the "Trail Authority") for use as public trails. This conveyance prompted Nelson to file an Amended Complaint in the state court action naming the Trail Authority and the members of its governing board in their official capacities as Defendants.

On March 2, 2007, the Trail Authority and the named members of its governing board (collectively the "Trail Authority Defendants") removed the state court action to this Court. In support of removal, the Trail Authority Defendants asserted that Nelson's Amended Complaint raised questions of federal law. More specifically, the Trail Authority Defendants asserted that the reversionary interests under which Moody and Nelson claimed interests in the Property require a determination of whether Great Western Railway had abandoned or discontinued use of the Property as a railway and that the Safety Transportation Board ("STB") has the exclusive jurisdiction to make this determination pursuant to 49 U.S.C. §105010(b).

Now, Defendants seek dismissal of the case pursuant to Fed. R. Civ. P. 12(b)(1) on the basis that this Court lacks jurisdiction because (1) the STB has the exclusive jurisdiction to

2

determine whether Great Western Railway has abandoned or discontinued its use of the railway on the Property; and (2) the STB's previous issuance of a Notice of Interim Trail Use ("NITU") precludes any finding of reversion or abandonment by the Court. In response, Nelson essentially concedes that the Court does not have subject matter jurisdiction, but argues that the appropriate course of action is to remand this case to the Weld County District Court because of pending issues of state law.

## II. Standard of Review

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *See* U.S. CONST. Art. III, § 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Further, when a federal district court lacks subject matter jurisdiction over a dispute that has been removed from state court, the case shall be remanded. 28 U.S.C. §1447(c).

## III. Analysis

Section 10501(b), 49 U.S.C., establishes that the STB has exclusive jurisdiction over the "operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities...." Thus, it is apparent, and Nelson in fact does not contest, that this Court does not have jurisdiction to determine the federal question on which Defendants based their removal of this case; that is, whether Great Western Railway abandoned or discontinued its use of the Property as a railway so as to give rise to Moody and Nelson's reversionary interests in the

Property. Neither, however, does the Weld County District Court. It follows therefore that if the question of abandonment or discontinuance of use was the only issue to be determined in this Court, then dismissal of the case may well be appropriate. Nelson argues, however, that this case entails other issues of state law that warrant remand rather than dismissal. I agree.

A determination solely of the abandonment issue by the STB will not resolve the following issues raised by Nelson: (1) whether Great Western Railway has subsurface mineral and other rights in the Property beyond a right of way; (2) whether Plaintiffs are entitled to just compensation in the event their reversionary interests in the Property are deemed invalid; and (3) whether Plaintiffs obtained title to the Property by adverse possession. Moreover, although Section 10501(b) states that the remedies provided under the statutory provisions in which it is included regarding the regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law, these provisions do not address the private property rights that Nelson has raised. *See* 49 U.S.C. § 10101 (setting forth the objectives of the federal government in regulating the railroad industry under the succeeding statutory provisions). Accordingly, I concur with Nelson's position that there are issues of state law that are appropriate for determination by the Weld County District Court. It may well be that there are issues in this case that the Weld County District Court does not have the jurisdiction to decide. It is for that court, however, to determine if that is the case and how this litigation should proceed.

For the reasons set forth above, IT IS HEREBY ORDERED that

1. Defendants' Joint Motion to Dismiss [Doc # 8] is DENIED; and

2. Plaintiff-Intervenor/Cross-Claimant Rodney L. Nelson's ("Nelson") Motion for Remand [Doc #20] is GRANTED.

Dated: May   24  , 2007 in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, CHIEF JUDGE
